IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KIMBERLY BICKHAM,
*on behalf of*
DAVID BICKHAM, Deceased[1]                                                   PLAINTIFF

vs.                          Civil No. 4:17-cv-04049

NANCY A. BERRYHILL                                                         DEFENDANT
Acting Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

Kimberly Bickham, on behalf of David Bickham ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff filed his application for DIB on June 4, 2012. (Tr. 101-104). Plaintiff alleged he

---

[1] Plaintiff passed away on May 8, 2017, following the second administrative hearing and approximately two months prior to the instant case being filed. (Tr. 934 ).

[2] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

was disabled due to diabetes mellitus, neuropathy, kidney failure, dementia, high blood pressure, chronic obstructive pulmonary disease, osteoarthritis, calcaneal spur, anemia, fatigue, edema, nosebleeds, attention deficit hyperactivity disorder, and cataracts. (Tr. 163). Plaintiff alleged an onset date of June 2, 2012. (Tr. 947). Plaintiff's application was denied initially and at the reconsideration level. (Tr. 45-49). Thereafter, Plaintiff requested an administrative hearing on his application. (Tr. 55-56).

The ALJ held a hearing on November 6, 2013, and issued an unfavorable decision on December 18, 2013, which Plaintiff appealed. (Tr. 6-19, 25-44). On December 21, 2015, this Court remanded the case back to the ALJ for another hearing. (Tr. 1008-1015).

Following remand, Plaintiff had a second hearing which was held on September 20, 2016. (Tr. 992-1005). Plaintiff was present and was represented by his attorney, Greg Giles, at this hearing. *See id.* Plaintiff testified at this hearing. *See id.* On the date of this hearing, Plaintiff was sixty-four (64) years old, and had a twelfth grade education. (Tr. 29-30).

On October 19, 2016, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 947-956). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 949, Finding 1). The ALJ then determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 2, 2012. (Tr. 949, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of hypertension, diabetes with neuropathy, chronic kidney disease stage III, cataracts, and gastroesophageal reflux disease. (Tr. 949, Finding 3). The ALJ determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 951,

Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 952-955). First, the ALJ indicated evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found his claimed limitations were not totally credible. (Tr. 953). Second, the ALJ determined Plaintiff retained the RFC for the full range of light work. (Tr. 952, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff capable of performing his PRW as a poultry machine tender. (Tr. 955, Finding 6). Based on this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from June 2, 2012, through the date of the decision. (Tr. 955, Finding 7).

On October 31, 2016, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 1076-1077). *See* 20 C.F.R. § 404.968. On March 22, 2017, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 938-943). On July 3, 2017, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on July 6, 2017. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 9, 10. This case is now ready for decision.

2.  **Applicable Law:**

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

3

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the RFC determination,(B) by failing to find Plaintiff met a Listing, (C) in dismissing the opinions of treating physicians, and (D) by failing to fully develop the record. ECF No. 9, Pgs. 8-10. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

4

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district summarily affirmed the ALJ).

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of May 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE